# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

## AT JACKSON

### JANUARY 1998 SESSION

FILED

February 18, 1998

Cecil Crowson, Jr.
Appellate Court Clerk

| | | |
|---|---|---|
| STATE OF TENNESSEE, | ) | |
| | ) | NO. 02C01-9701-CC-00026 |
| Appellee, | ) | |
| | ) | LAUDERDALE COUNTY |
| VS. | ) | |
| | ) | HON. JOSEPH H. WALKER, |
| CLEOTHA NASH, | ) | JUDGE |
| | ) | |
| Appellant. | ) | (Reckless Endangerment) |


**FOR THE APPELLANT:**

**GARY F. ANTRICAN (On Appeal)**
District Public Defender

**JULIE K. PILLOW (On Appeal)**
Assistant Public Defender
118 E. Market Street
P.O. Box 700
Somerville, TN 38068

**BETH BROOKS (At Trial)**
2298 S. Germantown Road
Germantown, TN 38138-5951


**FOR THE APPELLEE:**

**JOHN KNOX WALKUP**
Attorney General and Reporter

**CLINTON J. MORGAN**
Assistant Attorney General
Cordell Hull Building, 2nd Floor
425 Fifth Avenue North
Nashville, TN 37243-0493

**ELIZABETH T. RICE**
District Attorney General

**MARK E. DAVIDSON**
Assistant District Attorney General
302 Market Street
Somerville, TN 38068


**OPINION FILED:** _____


**APPEAL DISMISSED**


**JOE G. RILEY,**
**JUDGE**

**OPINION**

The defendant, Cleotha Nash, was convicted by a Lauderdale County jury of reckless endangerment, a Class E felony. The trial court sentenced him to four (4) years incarceration. Defendant raises three issues for our consideration;[1] however, because his notice of appeal was untimely filed, we dismiss this appeal.

**I.**

In January 1996, a Lauderdale County jury found defendant guilty of one (1) count of reckless endangerment, a Class E felony. On February 20, 1996, the trial court sentenced defendant to four (4) years as a Range II, Multiple Offender. The judgment reflecting defendant's conviction and sentence was entered on that same date. It is undisputed that trial counsel never filed a motion for new trial, notice of appeal or waiver of appeal.

On August 13, 1996, defendant filed a *pro se* "Motion for Transcript of Prior Trial." In this motion, defendant requested a transcript of his trial, at state expense, "for use in accessing the Court in the form of Post [C]onviction Relief." On August 29, the trial court entered an order granting defendant's request for a transcript. The trial court acknowledged that no motion for new trial or notice of appeal had been filed. The court then determined that the motion should be treated as a petition for post-conviction relief and appointed counsel. The court further ordered that defendant be allowed to amend the petition "within thirty days of the entry of the preliminary order."

On November 7, 1996, approximately seventy (70) days subsequent to the trial court's order, appointed counsel filed a notice of appeal of the original conviction and sentence, "requesting the court to allow this late filing in the interest of justice."

---

[1] Specifically, he asserts: (1) the trial court erred in denying his motion for judgment of acquittal; (2) the evidence is insufficient to sustain his conviction; and (3) the trial court erred in sentencing him to the maximum within Range II for this Class E felony.

## II.

Rule 4(a) of the Tennessee Rules of Appellate Procedure provides, in pertinent part:

> the notice of appeal required by Rule 3 shall be filed with and received by the clerk of the trial court within 30 days after the date of entry of the judgment appealed from; however, in all criminal cases the "notice of appeal" document is not jurisdictional and the filing of such document may be waived in the interest of justice. The appropriate appellate court shall be the court that determines whether such a waiver is in the interest of justice.

Therefore, it is within this Court's discretion as to whether the timely filing of notice of appeal is waived. This we decline to do.

The record in this case is devoid of any reason as to why justice requires that the timely notice requirement should be waived. Nor does defendant provide this Court with any explanation for the failure to timely file notice of appeal other than the bare assertion that "[t]rial counsel, Beth Brooks, did not file a motion for a new trial. No notice of appeal was filed by trial counsel." Such an assertion, without more, is insufficient to persuade us to waive the timely filing requirement.

Moreover, after reviewing the issues, briefs and the record before this Court, we conclude that justice does not require us to waive the thirty (30) day filing requirement of Tenn. R. App. P. 4(a).

Accordingly, defendant's appeal is dismissed.

_____
**JOE G. RILEY, JUDGE**

**CONCUR:**


_____
**JOE B. JONES, PRESIDING JUDGE**


_____
**PAUL G. SUMMERS, JUDGE**

3